UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEROY DREIBELBEIS,            )<br>         Plaintiff,             )<br>                               )<br>     v.                        )<br>                               )<br>DAESUNG CELTIC ENERSYS CO., LTD.,)<br>CHALLENGER SUPPLY HOLDINGS,    )<br>INC., and MENARD, INC.,        )<br>         Defendants,           )<br>_____)<br>                               )<br>CHALLENGER SUPPLY              )<br>HOLDINGS, INC.,                )<br>         Cross-Claim Plaintiff,)<br>                               )<br>     v.                        )<br>                               )<br>DAESUNG CELTIC ENERSYS CO., LTD.,)<br>         Cross-Claim Defendant.)  | CAUSE NO.: 3:17-CV-100-JD-JEM |

## ORDER

This matter is before the Court on Challenger Supply Holdings, Inc.,'s Motion for Leave to File Sur-Reply to Daesung Celtic Enersys Co., Ltd.'s Motion to Dismiss [DE 46], filed December 2, 2017. Challenger Supply Holdings, Inc., seeks leave of Court to file a sur-reply in opposition to Daesung Celtic Enersys Co., Ltd.'s motion to dismiss. On December 6, 2017, Daesung filed a response to the motion, and Challenger Supply filed a reply on December 8, 2017.

Local Rule 7-1 provides for the filing of a motion, a response, and a reply. A party may file a sur-reply only by leave of court, if the party shows "some factor that justifies a deviation" from the normal briefing schedule. *Taylor v. Lifetouch Nat'l Sch. Studios, Inc.*, 490 F. Supp. 2d 944, 950 (N.D. Ind. 2007).

1

Challenger Supply argues that its proposed sur-reply is necessary to address a sworn declaration that was docketed after its response, and that the brief addresses only the personal jurisdiction arguments that became relevant after the declaration was filed. Daesung argues[1] that the sur-reply does not address new evidence, since an unsworn version of the affidavit was on the record prior to Challenger Supply filing its response, and the proposed sur-reply does not significantly address the contents of the affidavit. In addition, Daesung argues that much of the contents of the proposed sur-reply are new arguments on an already briefed issue. Challenger Supply replies that the propose sur-reply directly addresses the evidence in the affidavit as well as presenting relevant counter-evidence.

In this case, new information was submitted by Daesung after Challenger Supply filed its response. Although Daesung is correct that a version of the affidavit was on the docket earlier, Challenger Supply is also correct that it was unsworn, and addressed its inadmissibility in its response brief. It is appropriate to allow Challenger Supply to address the newly sworn affidavit and present its own affidavit in rebuttal. The sworn affidavit, as newly-admissible evidence regarding jurisdiction, is a significant factor that justifies deviation from a normal briefing schedule, and allowing a sur-reply is appropriate.

Accordingly, the Court hereby **GRANTS** Challenger Supply Holdings, Inc.,'s Motion for Leave to File Sur-Reply to Daesung Celtic Enersys Co., Ltd.'s Motion to Dismiss [DE 46] and **ORDERS** Challenger Supply to file its sur-reply and accompanying affidavit, currently on the docket as attachments to the instant Motion, on or before **March 28, 2018**.

---

[1] Daesung also argues that Challenger Supply impermissibly filed its sur-reply when it attached it as an exhibit to the instant Motion. However, the CM/ECF User Manual directs, "In order to file a document which requires leave of court . . . the proposed document shall be attached as an exhibit to a motion." N.D. Ind. CM/ECF User Manual ¶ II(A)(5). Accordingly, this argument is unavailing.

So ORDERED this 22nd day of March, 2018.

                                                  s/ John E. Martin  
                                                  MAGISTRATE JUDGE JOHN E. MARTIN  
                                                  UNITED STATES DISTRICT COURT

cc:    All counsel of record